**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| WILLIAM A. LESTER, #R15791, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 26-cv-00181-JPG |
| | ) | |
| J. KRANKEL, | ) | |
| P. GATTUSO, | ) | |
| and JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff William Lester, an inmate in the custody of the Illinois Department of Corrections and currently incarcerated at Shawnee Correctional Center, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 against three officers employed at Alton Police Department. Plaintiff claims the officers used excessive force against him during his arrest on September 25, 2024, and he seeks money damages.  The Complaint (Doc. 1) is subject to review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims.  28 U.S.C. § 1915A(a).  Any portion that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, pp. 5-7): Plaintiff was denied access to Hibbett Sports on September 25, 2024, after he attempted to enter the store while pulling a suitcase.  At the time, he was homeless and experiencing personal issues.  When

1

two employees locked him out of the store, Plaintiff became disoriented and walked into a busy intersection. *Id*. at 5.

Alton police officers assaulted him from behind with tasers, causing him to drop to the ground and sustain a serious shoulder injury. *Id*. at 6. Officers Krankel and Gattuso climbed on top of Plaintiff while his back was on the ground. Officer Krankel then shoved Plaintiff's head from right to left to separate his head from his shoulder, while forcing unfired taser prongs into his sternum. Meanwhile, Officer Gattuso restrained Plaintiff's legs while trying "a move to [his] crotch." *Id*. Plaintiff threw his hands into the air to make it clear that he could be handcuffed. In the process, he pushed the taser off his chest. Plaintiff was arrested and convicted for attempting to disarm a peace officer.[1] *Id*.

Officer John Doe was responsible for transporting Plaintiff to Alton Police Department. *Id*. at 7. While placing him in the squad car, Officer Doe slammed Plaintiff's bare foot in the car door and broke his toes. Plaintiff was denied medical care for his broken toes, bloody face, and AC dislocation. When the defendants later offered him a ride to the hospital for medical treatment, Plaintiff refused to go. *Id*.

### Discussion

Based on the allegations, the Court designates the following claims in the *pro se* Complaint:

**Count 1:**   Fourth Amendment claim against Officers Krankel and Gattuso for using unreasonable force against Plaintiff during his arrest on or around September 25, 2024.

**Count 2:**   Fourth Amendment claim against Officer John Doe for using unreasonable force against Plaintiff when placing him into the squad car and transporting him to Alton Police Department on or around September 25, 2024.

---

[1] Plaintiff does not bring a claim against the officers for his allegedly unlawful arrest, so this claim is considered dismissed without prejudice from the action.

**Count 3:**    Fourth Amendment claim against Officers Krankel, Gattuso, and Doe for denying Plaintiff medical care for his arrest-related injuries on or around September 25, 2024.

**Any other claim(s) mentioned in the Complaint but not addressed herein are dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

### Counts 1 and 2

The Fourth Amendment prohibits unreasonable seizures. *Torres v. Madrid*, 592 U.S. 306 (2021). The application of force to an individual's body with the intent to restrain is a seizure, even when that force does not successfully subdue the individual. *Id*. Force that is applied during an arrest is "reasonable only when exercised in proportion to the threat posed, and as the threat changes, so too should the degree or force." *Snukis v. Taylor*, 145 F.4th 734, 741 (7th Cir. 2025). Force becomes excessive when an officer applies greater force than is necessary to subdue the individual. *Id*.

According to the allegations, Officers Krankel and Gattuso both applied excessive force when they knocked Plaintiff to the ground and together restrained him, bloodied his face, shoved taser prongs into his sternum, and seriously injured his shoulder when he was not resisting. Count 1 survives screening against both officers.

The allegations further allege that Officer Doe broke Plaintiff's toes by closing the squad car door on his bare foot on September 25, 2024. Count 2 survives screening against this unknown officer. The Chief of Police for Alton Police Department shall be added as a defendant in an official capacity, and this defendant will be responsible for responding to discovery aimed at identifying Officer John Doe by first and last name.

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Count 3**

Plaintiff cannot proceed with a claim against the defendants for denying him medical care for his injuries.  He admits that the officers offered him a ride to the hospital for medical treatment, and he would not go with them.  The defendants did not actually deny him medical care.  *See Matz v. Klotka*, 769 F.3d 517 (7th Cir. 2014) ("A damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation."); *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'").  Count 3 shall be dismissed without prejudice for failure to state a claim against the defendants.

**Disposition**

**IT IS ORDERED** that the Complaint (Doc. 1) survives preliminary review under 28 U.S.C. § 1915A.  **COUNT 1** will proceed against **OFFICER J. KRANKEL** and **OFFICER T. GATTUSO**, and **COUNT 2** will proceed against **OFFICER JOHN DOE**.  However, **COUNT 3** is **DISMISSED** without prejudice for failure to state a claim against **DEFENDANTS**.

**IT IS ORDERED** that the **CHIEF OF POLICE OF ALTON POLICE DEPARTMENT (official capacity)** is **ADDED** as a defendant and is responsible for identifying Officer John Doe by first and last name.

**IT IS ORDERED** that as to **COUNTS 1** and **2**, the Clerk of Court shall prepare for Defendants **CHIEF OF POLICE OF ALTON POLICE DEPARTMENT (official capacity only), J. KRANKEL, T. GATTUSO** and **JOHN DOE (once identified):** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, that Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**The Chief of Police of Alton Police Department need only appear in this matter. All other defendants are ORDERED to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Local Rule 8.2, Defendants need only respond to the issues in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**Because this case involves claims of excessive force resulting in injuries, the Clerk's Office is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act; the Clerk's Office is also DIRECTED to ADD the CHIEF OF POLICE OF ALTON POLICE DEPARTMENT (official capacity) as a defendant in CM/ECF.**

**IT IS SO ORDERED**.

**DATED: 4/21/2026**

**J. PHIL GILBERT**
**United States District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint.  After service has been achieved, the defendants will enter an appearance and file Answers to your Complaint.  It will likely take at least 60 days from the date of this Order to receive Answers, but it is entirely possible that it will take 90 days or more.  The Court will then enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' attorneys have appeared will generally be denied as premature.  Plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.